**Curtis Michael TERNUS, Petitioner—Appellant,**

v.

**Sylvia GARCIA, Warden, Respondent—Appellee.**

No. 01–56145.

D.C. No. CV–00–07178–R(EE).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2002.

Decided Oct. 4, 2002.

Before THOMPSON, RAWLINSON, Circuit Judges, and SCHWARZER, Senior District Judge.*

MEMORANDUM **

California state prisoner Curtis Michael Ternus appeals the district court's dismissal of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Specifically, he argues that he was prejudiced by the admission at trial of statements which he contends were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1996).

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

The California Court of Appeal assumed a *Miranda* violation had occurred; however, citing *Chapman v. California*, 386 U.S. 18, 23–24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), that court found "beyond a reasonable doubt that the error did not contribute to the verdict." As a result, Ternus had failed to establish prejudice. The district court also assumed a *Miranda* violation, but, citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), concluded that the error did not have a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Id.*, quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). Thus, according to the district court, Ternus was not prejudiced by the error and was not entitled to federal habeas relief.

We have jurisdiction under 28 U.S.C. § 1291. In our certificate of appealability, we stated that the issue on appeal was "whether Appellant's statement to the officers was obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *See* 28 U.S.C. § 2253(c)(3)." Such a violation, however, does not of itself entitle a state petitioner to federal habeas relief. For such relief, the petitioner must show that the state court decision "was contrary to, or involved in an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Recognizing this, the parties briefed and argued that issue. Having considered that issue, we conclude Ternus has failed to satisfy the "unreasonable application" requirement of § 2254(d)(1), and thus we affirm the district court.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The "unreasonable application" requirement of 28 U.S.C. § 2254(d)(1) refers to instances where the "state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor,* 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

The record shows that Ternus was arrested by police for the sexual assault of Melinda, a fourteen year old female. Prior to invoking *Miranda,* Ternus responded to initial questioning by Detective Massey by saying that he knew nothing of the event or the victim. After Ternus invoked his *Miranda* rights by declaring that he had nothing more to say, Detective Massey recited the evidence against him. Ternus then began to ask questions and make inconsistent statements about whether he knew Melinda, whether they had had any physical contact, whether she consented to sexual contact, and whether he knew her real age.

The state court determined that even if the statements Ternus made after he invoked his *Miranda* rights were wrongly admitted into evidence, that did not prejudice his case, because the statements supported his defense of consent. The state court also determined that Ternus's credibility had already been seriously damaged because the statements he made before he invoked his *Miranda* rights were properly admitted and those statements were inconsistent with his consent defense. The consent defense was also inconsistent with physical evidence that suggested there had been an altercation between Ternus and Melinda in Ternus's residence. Thus, the state court determined that Ternus was not prejudiced by any *Miranda* error because, beyond a reasonable doubt, the verdict would have been the same with or without the admission of the challenged statements. *See Chapman,* 386 U.S. at 24, 87 S.Ct. 824. That determination is not an unreasonable application of Supreme Court precedent.

Arguing against this result, Ternus contends that the only viable view of the challenged evidence is that its admission destroyed his credibility, and thus had a substantial and injurious effect or influence on the verdict. *See Brecht,* 507 U.S. at 637, 113 S.Ct. 1710. While we concede that Ternus's view of the harmfulness of the challenged statements has some appeal, we cannot conclude that, given the state court's analysis as stated above, its application of Supreme Court precedent was unreasonable. *See* 28 U.S.C. § 2254(d)(1); *Williams,* 529 U.S. at 413, 120 S.Ct. 1495.

AFFIRMED.